## CENTRAL POWER & LIGHT CO. v. MILLS et al.

### No. 9330.

Court of Civil Appeals of Texas.
San Antonio.
April 18, 1934.

Rehearing Denied May 30, 1934.

312

Louthan & Carroll, of San Benito, and L. L. Lentz, J. M. Wilson, and Frank M. Kemp, all of Corpus Christi, for appellant.

P. F. Dominy, of San Benito, for appellee.

FLY, Chief Justice.

This suit originated in a proceeding applied for by appellant to the judge of the county court at law of Cameron county, for the purpose of obtaining the appointment of a commission to assess the damages which should be paid to appellee for the use of a portion of their land by appellant in erecting and operating its power and light line. The commission assessed the damages at $60, from which award appellees appealed to the county court at law. On a trial before a jury in the county court, damages in the sum of $335 were assessed against appellant and in favor of appellees. An appeal has been perfected from that order to this court by appellant.

The answers of the jury to the special issues submitted to them were to the effect that the strip of land appropriated by appellant, 20 feet in width, across the 60-acre tract of land belonging to appellees, was of the value of $160, and that the rental value of 30 more feet which were at first appropriated by appellant and then relinquished was the sum of $15, making the total sum of $175 for the lands appropriated by appellant. In addition, the jury found that the taking of the right of way across the land and the erection thereon of the posts and wires of appellant decreased the. value of the 60-acre tract in the sum of $160. Appellant insists that the finding of the jury as to the value of the land appropriated by it, and the rent given for the additional land which was released, was the sum total of the damages that should be assessed against appellant, and that such was the intention of the jury. We do not think that such contention can be sustained because it is obvious that appellant should be made to pay not only for the land actually appropriated by it, but also for any damages that might accrue from the use of the strip of land appropriated to the 60-acre tract. It can readily be seen that the land actually appropriated might be of small value, while the appropriation and use of such strip of land might cause great damage to the small tract owned by appellees. The first proposition is overruled.

There is no merit in the appeal, and the judgment is affirmed.